UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

---

U.S. SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

EDWARD L. WOOTEN, LEE S. ROSE, JOHN L. KRCIL, and BLACK LION INVESTMENT PARTNERS, INC.,

Defendants.

Civil Action No.
5:21-cv-00270-TES

---

## FINAL JUDGMENT AS TO DEFENDANTS WOOTEN, ROSE, KRCIL AND BLACK LION

The Clerk of the Court having entered a default against Defendants Edward L. Wooten ("Defendant Wooten"), Lee S. Rose ("Defendant Rose"), John L. Krcil ("Defendant Krcil"), and Black Lion Investment Partners, Inc. ("Defendant Black Lion") (collectively, "the Defendants"); the U.S. Securities and Exchange Commission (Plaintiff or the "Commission") having filed a Motion for Default Judgment Against Defendants with supporting Memorandum of Law; and for good cause shown:

1

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Commission's Motion for Default Judgment Against the Defendants is granted.

II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which

operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) the Defendants' qualifications to advise investors; or

(F) the intended use of investor funds or investment proceeds.

### III.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained

and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

4

(D) compensation to any person,

(E) the Defendants' qualifications to advise investors; or

(F) the intended use of investor funds or investment proceeds.

## IV.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Wooten, Rose and Krcil shall each pay disgorgement, and prejudgment interest thereon. The total amount of disgorgement and prejudgment interest is $1,621,699.23 for Defendant Wooten, $927,280.08 for Defendant Rose, and $234,754.44 for Defendant Krcil.

## V.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Wooten, Rose and Krcil shall each pay a civil penalty of $192,768 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

## VI.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Wooten, Rose and Krcil shall pay the disgorgement and prejudgment interest amounts set forth for each of them in paragraph IV, above, and the civil penalty amounts set forth for each of them in paragraph V, above,

5

(a total of $1,814,467.23 for Defendant Wooten, $1,120,048.08 for Defendant Rose, and $427,522.44 for Defendant Krcil) to the Commission within 60 days after entry of this Final Judgment.

Defendants Wooten, Rose and Krcil may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. Payment may also be made by certified check, bank cashier's check, or United States postal money order payable to the "U.S. Securities and Exchange Commission", which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this Court, and the respective Defendant's name as a Defendant in this action, and further specifying that payment is made pursuant to this Final Judgment.

Defendants Wooten, Rose and Krcil shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendants

Wooten, Rose and Krcil relinquish all legal and equitable rights, titles, and interests in such funds and no part of the funds shall be returned to them.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest, and civil penalties, by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 60 days following entry of this Final Judgment. Defendants Wooten, Rose and Krcil shall each pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk shall enter this Judgment forthwith and without further notice.

Dated: __Nov. 2__, 2021

_____
UNITED STATES DISTRICT JUDGE